## WM. REVES *v.* THE STATE.

SHERIFF. *Special deputy sheriff.* A special deputy sheriff appointed for one year to preserve the peace and prevent infractions of the law, and to make arrests and deliver all prisoners to the county jail, is a civil officer within the meaning of the Code, sec 4750, and entitled to the sum of $50 in the bill of costs for arresting and prosecuting to conviction any person guilty of the offenses mentioned therein.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

Reves *v.* The State.

T. W. BROWN for Reves.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

By the Code, sec. 4750: "Any civil officer arresting and prosecuting to conviction any person guilty of any of the offenses enumerated in this article, shall be entitled to the sum of fifty dollars in the bill of costs." The plaintiff in error was convicted of one of these offenses, and Joseph P. Miller moved the court to allow him fifty dollars in the bill of costs under the statute. The motion was opposed by the State and the defendant upon the ground that Miller was not a "civil officer" within the meaning of the statute. The court sustained the motion, and the Attorney-General appealed. It is shown by the bill of exceptions that Miller arrested the defendant in his (Miller's) own neighborhood, and prosecuted him to conviction for the offense charged. Miller acted under the following apointment:

OFFICE OF SHERIFF OF SHELBY COUNTY.
P. R. ATHEY, Sheriff.
MEMPHIS, TENN., Aug. 15, 1882.
Joseph P. Miller is hereby appointed a special deputy sheriff to preserve the peace and prevent infractions of the law, and deliver all prisoners to the county jail to be held for trial or until discharged by law. Good for one year from date, without salary or expense to me. P. R. ATHEY,
Sheriff of Shelby county.

By the act of 1870, ch. 8, (Code, 359a,) it is provided: "The sheriff of each and every county in the State shall have as many regular deputies as he may desire, or may, in his option, be necessary to a

faithful and efficient performance of his duties as such sheriff, and may appoint any number of special deputies on urgent occasions, to hold elections, or where required for particular purposes." The statutory policy of this State was for many years to restrict the number of regular deputies which the sheriff might appoint, and permit special deputations only upon "urgent occasions": *Montgomery* v. *Scanland*, 2 Yer., 337. But even under these statutes, a special deputy in a particular case would have all the power of a regular deputy in that case, and it was not necessary that the deputation should show that an "urgent necessity" existed: *State* v. *Kiser*, 4 Sneed, 563. The act of 1870 shows a change of policy by the State, for the sheriff is thereby authorized to appoint as many regular deputies as he pleases, and special deputies on urgent occasions, of which he alone is to judge, "or when required for particular purposes." Broader authority could scarcely be conferred. And the deputation under which Miller acted is clearly within the power. Any deputy of the sheriff, whether general or special, who is authorized to make an arrest of a person charged with crime must be considered a "civil officer" *pro hac vice.* He is a deputy sheriff for the occasion, legally appointed, subject to the liabilities, and entitled to the fees and emoluments of a regular deputy. Whether the sheriff pays him a salary or not, or is bound to bear his official expenses, is a matter of contract between them with which the public have nothing to do, and the terms of which cannot

·change his official character.   And whether the appointment be general,   or for a definite period, it is held at the will of the sheriff.

The judgment must be affirmed.